COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-084-CR
  
  
LLOYD 
FRANKLIN SEXTON                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Lloyd Franklin Sexton entered an open plea of guilty to aggravated sexual 
assault of a child under fourteen years of age.[2]  
The trial court conducted a punishment hearing and sentenced Appellant to 
fifteen years’ confinement.  We affirm.
Procedural 
Background & Independent Review of the Record
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion.  In the brief, counsel avers that, in 
his professional opinion, this appeal is frivolous.  Counsel’s brief and 
motion meet the requirements of Anders v. California, 386 U.S. 738, 87 S. 
Ct. 1396 (1967), by presenting a professional evaluation of the record 
demonstrating why there are no reversible grounds on appeal and referencing any 
grounds that might arguably support the appeal.  See Mays v. State, 
904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  
Appellant’s counsel presents three potential grounds on appeal: the trial 
court abused its discretion in failing to admonish Appellant so as to insure the 
voluntariness of Appellant’s guilty plea; Appellant was denied effective 
assistance of counsel; and Appellant’s sentence is excessive.
        In 
our duties as a reviewing court, we must conduct an independent evaluation of 
the record to determine whether counsel is correct in determining that the 
appeal is frivolous.  See Stafford v. State, 813 S.W.2d 503, 511 
(Tex. Crim. App. 1991); Mays, 904 S.W.2d at 923.  We have conducted 
an independent review of the record and have determined just that.
        Appellant 
entered an open plea of guilty, so he waived the right to appeal any 
nonjurisdictional defects, other than the voluntariness of his plea, that 
occurred before entry of the plea so long as the judgment of guilt was rendered 
independent of, and is not supported by, the alleged error.  See Young 
v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 
911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent 
review of the record is limited to potential jurisdictional defects, the 
voluntariness of Appellant’s plea, potential error occurring before 
Appellant’s plea that resulted in or supports the judgment of guilt, and 
potential error occurring after the guilty plea.  See Young, 8 
S.W.3d at 666-67.
Jurisdictional 
Defects
        Our 
review of the record reveals no jurisdictional defects.  The trial court 
had jurisdiction over the case. See Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon Supp. 2004-05).  Further, the indictment conferred jurisdiction on 
the trial court and provided Appellant with sufficient notice.  See Tex. Const. art. V, § 12; Duron v. 
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
Competency, 
Sanity, and Voluntariness of Plea
        The 
record contains an undated, unsigned, two-page “Final Report” indicating 
that an unnamed author interviewed Appellant on an unstated date and determined 
the following:
 
In my professional opinion [Appellant] does not have the intellectual or the 
emotional capacity to understand the wrongful nature of his acts. . . . He lacks 
the internalized capacity to evaluate that act on his own. . . . I believe that 
he is intellectually incapable of assisting in his defense. . . . He does not 
seem to have the capacity to understand the wrongful nature of his acts, only 
that the discovery of these acts has significantly changed his ability to live.
 
This 
“Final Report” appears in the record attached to a “Notice of Expert’s 
Report” submitted to the court by Appellant’s attorney on July 24, 2002, 
reciting that the report is from Dr. Shari Julian, the court-appointed 
psychologist.  The record also contains two subsequent orders appointing 
two new experts and reports from these two experts, both dated August 30, 
2002.  In these two later reports, the experts clearly opine that based 
upon interviews with Appellant, in the physicians’ professional opinions, 
Appellant is competent to stand trial and was sane at the time of the offense 
alleged.
        At 
the plea hearing on December 9, 2002, all these reports were on file with the 
trial court.  There were no objections to the court considering any of 
these reports and no one requested a competency hearing.  Therefore, no 
claim was preserved regarding any potential allegation that the trial court 
might have erred in finding Appellant to be competent and sane.  See 
Tex. R. App. P. 33.1(a)(1); Mosley 
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999).[3]
        Additionally, 
the written plea admonishments as well as the plea colloquy between the trial 
court and Appellant at the plea hearing indicate that Appellant’s guilty plea 
was made freely and voluntarily.  Further, the written waiver of Appellant, 
joined by his attorney, states that Appellant is mentally competent and aware of 
the possible punishment and the consequences of his plea.  At the plea 
hearing, the only mention of competency or sanity was when the court asked 
Appellant’s counsel if Appellant is mentally competent, and counsel responded 
that in his opinion Appellant is mentally competent.  No objection was 
lodged to any of the evidence presented to the trial court at the plea 
hearing.  Nothing in the record would support a claim that Appellant’s 
plea was involuntary or that Appellant was incompetent at the time of the plea 
hearing or insane at the time of the commission of the offense.
Punishment 
and Sentencing
        After 
Appellant pled guilty, the trial court deferred a finding of guilt and ordered a 
presentence investigation report (PSI) pursuant to article 42.12, section 9(a) 
of the Texas Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 9(a) (Vernon Supp. 2004-05).  At the punishment hearing, Appellant 
testified and the court reviewed the PSI.  Appellant did not lodge any 
objection to the contents of the PSI.  The court found Appellant guilty and 
assessed his punishment at fifteen years’ confinement.
        The 
sentence assessed by the trial court for the offense is within the punishment 
range provided for by law.  See Tex. Penal Code Ann. § 22.021(a)(1)(B), 
(e) (Vernon Supp. 2004-05), § 12.32 (Vernon 2003).  The sentence was based 
on admissible evidence provided by the State and Appellant.
Effective 
Assistance of Counsel
        Counsel 
is strongly presumed to have rendered adequate assistance and made all 
significant decisions in the exercise of reasonable professional judgment.  
Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 
(1984).  Considering the totality of the representation of Appellant’s 
trial counsel, the record contains nothing that would indicate that counsel’s 
performance was deficient.  See id. at 687, 104 S. Ct. at 
2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).
Motion to 
Withdraw
        Because 
our independent review of the record reveals no reversible error, we agree with 
counsel’s professional determination that an appeal of this case is 
frivolous.  Accordingly, we grant counsel’s motion to withdraw.  
This court provided Appellant the opportunity to file a pro se brief, but he has 
not done so.
Conclusion
        Based 
upon our independent review of this record, we have determined that there is no 
error on which an appeal could be based or that would require reversal of this 
case, and we overrule Appellant’s three potential points.  We grant 
counsel’s motion to withdraw on appeal and affirm the trial court’s 
judgment.
  
  
                                                                  PER 
CURIAM
  
  
PANEL 
F:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
November 18, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
In a joint plea hearing, Appellant also entered a open plea of guilty to another 
case of aggravated sexual assault of a child under fourteen years of age.  
That case is Cause No. 0833398D and involved a different victim.  See 
Sexton v. State, No. 2-03-083-CR, 2004 WL 393148 (Tex. App.—Fort Worth 
Mar. 4, 2004, no pet.) (not designated for publication) (affirming Appellant’s 
conviction).
3.  
See also former Tex. Code Crim. 
Proc. Ann. art. 46.02, §§ 2(a), 4.  Appellant’s plea hearing was 
on December 9, 2002 and was governed by former article 46.02, which was repealed 
effective January 1, 2004.  See Act of May 18, 1977, 65th Leg., R.S., 
ch. 596, § 1, art. 46.02, 1977 Tex. Gen. Laws 1458, 1458, 1460-61(§ 4 was 
amended 1999), repealed by Act of April 30, 2003, 78th Leg., R.S. ch. 35, 
§ 15, 2003 Tex. Gen. Laws 57, 72 (current version at Tex. Code Crim. Proc. Ann. ch. 46B 
(Vernon Supp. 2004-05)).